UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,
DEPARTMENT OF HOMELAND
SECURITY, U.S. CUSTOMS AND
BORDER PROTECTION

        Plaintiff,

    v.                            1:25-CV-883

MOHAMMADSOHEL TADA and
SM TRANSNATIONAL LTD.
(d/b/a SKYWAY COACH LINES),

        Defendants.

## COMPLAINT

Plaintiff United States of America, Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), by and through its attorney, Assistant United States Attorney Michael S. Cerrone, for Michael DiGiacomo, United States Attorney for the Western District of New York, for its Complaint against defendants, alleges as follows:

### INTRODUCTION

1. CBP is a law enforcement agency with statutory responsibility to safeguard the borders of the United States; to protect against the entry of dangerous goods; facilitate and expedite the flow of legitimate travelers and trade; detect and interdict terrorists, drug traffickers, human traffickers, and other persons who may undermine the security of the United States; ensure the interdiction of persons and goods illegally entering the United States; and implement screening capabilities of passengers and cargo across all international modes of transportation. 6 U.S.C. § 211(c).

2. The Z-Portal Vehicle Imagine System ("Z-Portal") is a drive-through passenger

1

vehicle imaging system with enhanced capability for rapid scanning of conveyances to assist in identifying suspicious items and contraband, which allows CBP to conduct non-intrusive inspections of vehicles at ports of entry to help prevent contraband from entering the United States.

3. This is a civil action arising from damage to a Z-Portal at the Lewiston Bridge Port of Entry ("POE") in Lewiston, New York, caused in September 2023 by the negligent, reckless, and careless driving of Mohammadsohel Tada ("Tada") in a bus owned by SM Transnational Ltd. d/b/a Skyway Coach Lines ("SM Transnational").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

5. This Court has personal jurisdiction over Tada and SM Transnational because the claims asserted herein are based on the defendants' actions within this District and because the defendants conduct business within this District.

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

7. CBP is an agency of the United States of America within the U.S. Department of Homeland Security with an office located at 300 Airborne Parkway, Cheektowaga, New York 14225.

8. Upon information and belief, defendant Tada is a Canadian citizen residing at 301-3801 Lawrence Avenue East, Scarborough, Ontario, Canada M1G 1R3.

9. Upon information and belief, defendant SM Transnational is incorporated in Ontario, Canada, and located at 4440 Steeles Avenue East, Markham, Ontario, Canada L3R

0L4.

## FACTS

10.     Upon information and belief, and at all relevant times, SM Transnational was the owner of a commercial bus bearing Ontario license plate number BP4719 ("Bus").

11.     Upon information and belief, while operating the Bus on September 18, 2023, Tada stopped the Bus at the Lewiston Bridge POE so that passengers on the Bus could be inspected by CBP personnel.

12.     Upon information and belief, Tada backed the Bus into the Z-Portal at the Lewiston Bridge POE, causing the Bus to collide with and damage the Z-Portal.

13.     Upon information and belief, Tada departed the Lewiston Bridge POE without reporting to CBP or any other law enforcement agency that the Bus had collided with the Z-Portal.

14.     Tada was eventually issued two traffic tickets—one for violating New York Vehicle and Traffic Law ("VTL") § 1211(a) (limitations on backing) and the other for violating New York VTL § 600(1)(a) (leaving the scene of an accident without reporting)—relating to his operation of the Bus at the Lewiston Bridge POE on September 18, 2023.

## NEGLIGENCE

15.     Plaintiff incorporates Paragraphs 1 through 14 as if fully set forth here.

16.     Tada failed to exercise that degree of care which a reasonably prudent person would have exercised under the same circumstances in violation of the common law.

17.     Tada made no effort to avoid the collision with the Z-Portal.

18.     Tada operated the Bus in such a negligent, reckless, and careless manner so as to cause the collision.

19. Tada failed to operate the Bus with reasonable care, failing to take into account the actual and potential dangers existing from road, traffic, and other conditions.

20. Tada failed to maintain a reasonably safe rate of speed, failed to have his vehicle under reasonable control, failed to keep a proper lookout under the circumstances then existing to see and be aware of what was in his view, failed to see that which he should have seen through the proper use of his senses, failed to keep a reasonably vigilant lookout, and failed to use reasonable care under the circumstances to avoid the collision.

21. Tada failed to take proper precautions before backing up the Bus.

22. Tada violated New York VTL § 1211(a) when he backed the Bus into the Z-Portal.

23. By violating New York VTL § 1211(a), Tada was negligent per se.

24. Upon information and belief, and at all relevant times, Tada was an employee of SM Transnational.

25. Upon information and belief, and at all relevant times, Tada was acting within the scope of his employment with SM Transnational.

26. Upon information and belief, and at all relevant times, Tada was operating the Bus with the permission of SM Transnational.

27. SM Transnational is vicariously liable for the damage to the Z-Portal under the common law doctrine of respondeat superior.

28. SM Transnational is vicariously liable for the damage to the Z-Portal under New York VTL § 388.

29. Tada and SM Transnational are jointly and severally liable for the damage to the Z-Portal.

30. As a direct and proximate result of Tada's negligent, reckless, and careless operation of the Bus, the Z-Portal sustained damage in the amount of $110,608.33.

## DAMAGES

**WHEREFORE**, CBP demands that:

(a) judgment be entered against defendants in the principal amount of $110,608.33, plus all applicable interest, costs, and disbursements; and

(b) the Court grant such other and further relief as the Court may deem just or proper.

DATED: Buffalo, New York, September 16, 2025.

                                                MICHAEL DIGIACOMO
                                                United States Attorney

BY:   <u>S/Michael S. Cerrone</u>
       MICHAEL S. CERRONE
       Assistant U.S. Attorney
       U.S. Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       (716) 843-5851
       michael.cerrone@usdoj.gov